WILLIAM H. ALLEN AND WIFE, MAE ALLEN v. REDEVELOPMENT COMMISSION OF HIGH POINT

No. 44

(Filed 10 November 1971)

Municipal Corporations § 4— action against redevelopment commission — summary judgment in favor of commission

In this action seeking the recovery of actual and punitive damages by reason of alleged negligence and alleged wilful, wanton and malicious conduct of defendant redevelopment commission in connection with its acquisition from plaintiffs of a house and lot and its subsequent disposition thereof, the trial court did not err in granting defendant's motion for summary judgment where it was undisputed that plaintiffs voluntarily accepted the offer of defendant to purchase their land, conveyed it to defendant and were paid the full agreed purchase price, and that the land was acquired by defendant in the carrying out of a lawfully adopted redevelopment plan, there was no allegation and nothing in plaintiffs' affidavit or exhibits to indicate any fraud, mis-

representation or overreaching of the plaintiffs by defendant, and the subsequent conveyance of the property by defendants was in no way an injury to plaintiffs and did not damage them.

APPEAL by plaintiffs from *Armstrong, J.*, at the 11 January 1971 Session of GUILFORD (High Point Division), held prior to determination by the Court of Appeals.

The plaintiffs sued for recovery of actual and punitive damages by reason of alleged negligence and alleged wilful, wanton and malicious conduct of the defendant in connection with its acquisition from the plaintiffs of a house and lot and its subsequent disposition thereof.

The plaintiffs allege in their complaint: The defendant is engaged in carrying out a plan adopted by the City of High Point for the redevelopment of an area known as the East Central Urban Renewal Area; the plaintiffs owned and lived in their home, known as 1204 Kivett Drive, within that area; representatives of the defendant first advised the plaintiffs that their home was in a clearance area and the defendant would have to acquire it, but subsequently informed them that acquisition of their home would not be necessary; the plaintiffs' house and lot were thereupon acquired from them by the defendant for $10,000; the plaintiffs then built a new home outside the city at a cost of $25,000; the defendant did not remove the house so acquired from the plaintiffs but subsequently sold the house and lot to Dan Kelly and wife for $4,375; and by reason of the negligence of the defendant "in not ascertaining positively that the land of the plaintiffs was necessary for redevelopment purposes before acquiring it," the plaintiffs have been damaged.

The defendants allege in their answer: The redevelopment plan involves the widening and relocation of Kivett Drive and the acquisition of a right of way across the property for an access ramp for a traffic interchange; the defendant began negotiations with the plaintiffs for the purchase of their property; while such negotiations were pending, plans for the street improvements were modified; thereupon the defendant offered to permit the plaintiffs to retain their property subject to dedication of a right of way across it for the access road and certain other restrictions; the plaintiffs, however, through their counsel, advised the defendant that they had elected to sell their entire property and tendered the defendant a deed therefor,

which offer and deed the defendant accepted, paying the plaintiffs the full agreed purchase price; thereafter, the defendant conveyed the property to Mr. and Mrs. Kelly, subject to the above mentioned restrictions and right of way, as part of an exchange of properties. The defendant also asserts in its answer that the complaint fails to state a cause of action upon which relief can be granted and pleads the statute of limitations and laches.

In response to interrogatories by the defendant, the plaintiffs replied, among other things: The plaintiffs did not contest the legal right of the defendant to acquire the property before they conveyed it to the defendant; they conveyed it voluntarily; they claim as damages the amount they spent for their new home over and above what they were paid for the property in question; and the legal theory of their action is "negligence, fraud, duress, interference with contractural relations, ultra vires acts on the part of the defendant * * * and any other theory which the evidence might support."

The defendant moved for a summary judgment dismissing the claim of the plaintiffs with prejudice. In support of its motion, the defendant filed: An affidavit by its executive director; two appraisals of the property made prior to the conveyance of it by the plaintiffs to the defendant; various excerpts from minutes of the defendant; a copy of defendant's letter to plaintiffs' counsel offering to purchase the property or to permit the plaintiffs to retain it subject to certain conditions; a copy of the letter from the plaintiffs' counsel stating that the plaintiffs had decided to sell the property to the defendant for the price offered by it; a copy of the deed from the plaintiffs to the defendant; a copy of the agreement for exchange of properties between the defendant and Mr. and Mrs. Kelly; and copies of deeds from the Kellys to the defendant and from the defendant to the Kellys. These documents support the allegations of the answer.

In opposition to the motion for summary judgment, the plaintiffs asserted: The defendant first gave the plaintiffs notice that their property was in the clearance area and would be acquired by it, but subsequently advised them that it would not have to acquire their property; it was negligence for the defendant "to upset the neighborhood and the people before they knew exactly what they were going to need and five or

Allen v. Redevelopment Comm.

six years before the land was needed"; their house did not need extensive repairs (one of the conditions required by the defendant of Mr. and Mrs. Kelly being their agreement to make extensive repairs to the house) ; the exchange between the defendant and Mr. and Mrs. Kelly was not a fair exchange; and the plaintiffs had no knowledge that the defendant was not going to demolish the house of the plaintiffs until less than a year prior to the institution of the action and so are not guilty of laches and are not barred by the statute of limitations. In support of their response to the motion for summary judgment, the plaintiffs filed an affidavit asserting that the defendant "confused us to the extent that we had no choice but to move although it was not what we wanted to do." The plaintiffs also filed as exhibits certain communications received by them from the defendant concerning the redevelopment plan in general.

The court granted the motion for summary judgment, finding there was no genuine issue between the parties with respect to the material facts, which facts the court found and recited in the judgment. The court concluded there was no allegation or showing of any violation of any right of the plaintiffs or any breach of any obligation owed by the defendant to them and that the plaintiffs have failed to state a claim on which relief can be granted. Accordingly, the court adjudged that the action be dismissed by summary judgment, with prejudice to the right of the plaintiffs to recover from the defendant by reason of the matters asserted in the pleadings, the costs being taxed against the plaintiffs.

The facts found by the court, summarized, include these: The defendant is lawfully constituted; a redevelopment plan for the area in question was lawfully adopted; the plan provided for the widening and relocation of Kivett Drive and construction of the above mentioned interchange; after the fair market value of the plaintiffs' property was established by appraisals, the defendant negotiated with the plaintiffs, in the course of which the defendant offered to permit the plaintiffs to retain their property on certain enumerated conditions; the plaintiffs notified the defendant that they had elected to sell their property for the price offered by the defendant and tendered a deed therefor, which the defendant accepted, paying the agreed purchase price; the plaintiffs do not contend that they were

not paid the fair market value of their property; after selling their property, the plaintiffs purchased a new home at a cost of $25,000; after the acquisition of the property by the defendant, the defendant entered into an agreement with Dan Kelly and wife for an exchange of certain properties, pursuant to which the defendant, for $4,375, conveyed the property acquired from the plaintiffs to Kelly and wife, subject to certain conditions which substantially decreased its value as compared to the value it had when owned by the plaintiffs.

*John W. Langford for plaintiffs.*

*Haworth, Riggs, Kuhn and Haworth by John Haworth for defendant.*

LAKE, Justice.

The only assignment of error is to the granting of the motion for summary judgment and the signing of such judgment. In this there was no error. It is undisputed that the plaintiffs voluntarily accepted the offer of the defendant to purchase their land, conveyed it to the defendant and were paid the full agreed purchase price. The land was acquired by the defendant in the carrying out of the lawfully adopted redevelopment plan. There is no allegation and nothing in the plaintiffs' affidavit or exhibits to indicate any fraud, misrepresentation or overreaching of the plaintiffs by the defendant. The subsequent conveyance of the property by the defendant to Mr. and Mrs. Kelly was in no way an injury to the plaintiffs and did not damage them. If it be assumed that the price paid for the property by the Kellys to the defendant was a matter of legitimate concern to the plaintiffs, there is nothing in the record to suggest that it was not a fair and adequate price for the property, subject to the reservations and restrictions imposed by the deed from the defendant to the Kellys. Upon this record, the granting of the summary judgment was in accordance with Rule 56(c) of the Rules of Civil Procedure.

No error.